# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JERROLD G. THOMAS, | ) | CASE NO. 1:19-cv-1677 |
| | ) | |
| PLAINTIFF, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| R-CAP SECURITY, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Jerrold G. Thomas ("Thomas") brings this action against defendants R-Cap Security and CCA-Division of Taxation ("Tax Department") for "Unfair Treatment and Harassment" by defendants. (Doc. No. 1.) Thomas seeks to proceed with this action *in forma pauperis*, and that motion is granted. (Doc. No. 2.)

For the reasons that follow, this action is dismissed.

**A. Background**

Thomas' legal claims in his brief complaint are difficult to discern. Thomas states that he sought services earlier this year at 205 West St. Clair in Cleveland, Ohio (the "Location") on multiple occasions. He alleges that R-Cap Security guard "Ed" threatened to fight him while at the Location and tried to intimidate him at a supermarket by almost bumping into him and by riding by him in a vehicle. (Doc. No. 1 at 1-2.[1]) According to the complaint, another R-Cap Security guard, Shanay Smith ("Smith") engaged in a private telephone conversation while also talking with him "as if I was not an adult seeking service" at the Location. In addition, Thomas

---
[1] Page number references are to the page identification number generated by the Court's electronic docketing system.

states that Smith stared at him in public as if he was a bad person and he was photographed while entering the Location "as if I was a fugitive." (*Id.*)

With respect to defendant Tax Department, Thomas claims that his problems began with "Liz." Thomas states that when he entered the office, Liz told him that he was in an administrative office and he needed to go to another floor for services. But when Thomas asked her to explain the difference between the administrative office and the floor she directed him to for services, Liz "never told me and kept stalling[.]" Thomas claims that Liz got quiet and started to cry, and another co-worker came from a back office and "started at me like she was going to grab me." Then R-Cap Security guard Ed arrived and asked him to leave and became "real aggressive" with him. (*Id.* at 2.)

Plaintiff claims that he repeatedly emailed and called the owner of R-Cap Security, Charlotte Perkins ("Perkins"), about these issues but was ultimately told not to e-mail or call Perkins. Nevertheless, Thomas sent Perkins an email complaining about the treatment he received and stating that he would "seek further action such as [a] complaint to the courts." (*Id.*)

Thomas does not state the relief he seeks from this Court.

**B. Law and Analysis**

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (*pro se* complaints are entitled to liberal construction) (citations omitted). That said, the Court is not required to conjure unpleaded facts or construct claims on Thomas' behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

action." Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction and have authority to decide only the cases that the Constitution and Congress have empowered them to resolve. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Federal courts "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (citations omitted).

Generally, the Constitution and Congress have given federal courts authority over a case only when the case raises a federal question or when diversity of citizenship exists between the parties. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required."). Thomas, as the party bringing this action in federal court, bears the burden of establishing the Court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).

The first type of federal jurisdiction relies upon the presence of a federal question. 28 U.S.C. § 1331. Federal question jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). Because Thomas is proceeding *pro se*, he enjoys the benefit of a liberal construction of his pleading. But even with the benefit of liberal construction, Thomas has not alleged a federal question and none is apparent on the face of the complaint.

The second type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between citizens of different States. 28 U.S.C. § 1332(a)(1). To establish

diversity of citizenship, Thomas must show that he is a citizen of one state and all defendants are citizens of other states, and that the amount in controversy exceeds $75,000.00. There are no allegations in the complaint from which this Court may infer the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Thomas has not carried his burden to establish a basis for the Court's jurisdiction over this case. In the absence of subject matter jurisdiction, the Court lacks authority to hear the case and must dismiss this action. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) ("Rule 12(h)(3) preserves and recognizes the court's time-honored obligation, even *sua sponte*, to dismiss any action over which it has no subject-matter jurisdiction.").

**C. Conclusion**

For all the foregoing reasons, this action is dismissed pursuant to Fed. R. Civ. P. 12(h)(3). Thomas' motion to proceed *in forma pauperis* is granted. (Doc. 2.)

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: 12/16/2019

*Pamela A. Barker*
Pamela A. Barker
U.S. District Judge